```
             IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION


INGENIOUS INVESTMENTS, INC.,    §
                                §
        Plaintiff,              §
                                §
VS.                             §   NO. 4:05-CV-535-A
                                §
ALLEN BOMBART, ET AL.,          §
                                §
        Defendants.             §
```

## MEMORANDUM OPINION and ORDER

Plaintiff, Ingenious Investments, Inc. ("Ingenious"), initiated this suit against Allen Bombart ("Bombart"), a citizen and resident of Florida, and six Florida corporations in which Bombart is the sole shareholder. The corporations are: (1) AAAB, Inc. ("AAAB"); (2) Continuum Care Services, Inc. ("Continuum"); (3) Cowcat Services, Inc. ("Cowcat"); (4) Doctors Corporation of America ("DCA"); (5) Human Beings Anonymous, Inc. ("HBA"); and (6) Middle Earth, Inc. ("MEI").[1] With the sole exception of AAAB, all defendants have joined in a motion to dismiss for lack of personal jurisdiction. After careful consideration of the motion, the response, the reply, the record, and the applicable authorities, the court concludes that the motion should be denied.

---

[1] Four months ago, Ingenious named Addictionology Corp. of America, Inc., Pathways to Recovery, Inc., and A-1 The Family, Inc. as defendants to this suit. See Pl.'s Am. Compl. at 2-3, ¶¶ 9-11. The record, however, does not reflect service on these entities. Ingenious's failure to file proof of proper service of summons on these entities will be addressed by separate order.

I.

Factual Background

Ingenious contends that AAAB, Bombart, and Continuum reneged on an agreement to pay Ingenious $300,000.00, plus expenses, in return for Ingenious's creation of several websites. See Pl.'s Am. Compl. at 1-4, ¶¶ 1-17. Personal jurisdiction over Bombart, AAAB and Continuum is premised on their direct dealings with Ingenious in Texas. Personal jurisdiction over Cowcat, DCA, HBA, MEI, as well as Bombart, is premised on various piercing-the-corporate-veil theories, including alter ego, single business enterprise, and sham to perpetrate fraud on Ingenious.

II.

Applicable Legal Authorities

A.   General Standards for Exercise
     of Personal Jurisdiction

When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that in personam jurisdiction exists. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir.), cert. denied, 513 U.S. 930 (1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985); D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 545-46 (5th Cir. 1985). The plaintiff need not, however, establish personal jurisdiction by a preponderance of the evidence; at this stage,[2] prima facie evidence of personal

---

[2] Eventually, plaintiff must prove by a preponderance of the evidence that jurisdiction exists. See DeMelo v. Toche Marine, Inc., 711 F.2d 1260, 1271 n.12 (5th Cir. 1983).

2

jurisdiction is sufficient. WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989); Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982). The court may resolve a jurisdictional issue by reviewing pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof. Command-Aire Corp. v. Ontario Mechanical Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). Allegations of the plaintiff's complaint are taken as true except to the extent that they are contradicted by defendant's affidavits. Wyatt, 686 F.2d at 282-83 n.13 (citing Black v. Acme Markets, Inc., 564 F.2d 681, 683 n.3 (5th Cir. 1977)). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of plaintiff for the purposes of determining whether a prima facie case exists. Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir.), cert. denied, 506 U.S. 867 (1992); Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990).

In a diversity action, such as this one, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of a forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. Wilson, 20 F.3d at 646-47; Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1166 (5th Cir. 1985) (quoting Smith v. DeWalt Prods. Corp., 743 F.2d 277, 278 (5th Cir. 1984)). Since the Texas long-arm statute has been interpreted as

extending to the limits of due process,[3] the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible.  <u>Bullion</u>, 895 F.2d at 216; <u>Stuart</u>, 772 F.2d at 1189.

For due process to be satisfied, (1) the nonresident defendant must have "minimum contacts" with the forum state resulting from an affirmative act on the defendant's part, and (2) the contacts must be such that the exercise of jurisdiction over the person of the defendant does not offend "traditional notions of fair play and substantial justice."  <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (quoting <u>Milliken v. Meyer</u>, 311 U.S. 457, 463 (1940)).

The minimum contacts prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident defendant.  <u>Bullion</u>, 895 F.2d at 216.  For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction.  <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985).  Even if the controversy does not arise out of or relate to the nonresident defendant's purposeful contacts with the forum, general

---

[3]<u>See, e.g.</u>, <u>Guardian Royal Exchange Assurance Ltd. v. English China Clays, P.L.C.</u>, 815 S.W.2d 223, 226 (Tex. 1991); <u>Schlobohm v. Schapiro</u>, 784 S.W.2d 355, 357 (Tex. 1990); <u>Kawasaki Steel Corp. v. Middleton</u>, 699 S.W.2d 199, 200 (Tex. 1985).

4

jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 779 (1984); Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. Jones, 954 F.2d at 1068.

The second prong of the due process analysis is whether exercise of jurisdiction over the nonresident defendant would comport with traditional notions of fair play and substantial justice. International Shoe, 326 U.S. at 316. In determining whether the exercise of jurisdiction would be reasonable such that it does not offend traditional notions of fair play and substantial justice, the Supreme Court has instructed that courts look to the following factors: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) shared interest of the several states in furthering fundamental substantive social policies. Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).

B.  <u>The Fiduciary Shield Doctrine</u>

The fiduciary shield doctrine holds that an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over the individual even though the state has <u>in personam</u> jurisdiction over the corporation. <u>Stuart</u>, 772 F.2d 1185; <u>House v. 22 Tex. Servs., Inc.</u>, 60 F. Supp. 2d 602, 609 (S.D. Tex. 1999). The doctrine is based upon the idea that "it is unfair to force an individual to defend a suit brought against him personally in a forum with which his only relevant contacts are acts performed not for his own benefit but for the benefit of his employer." <u>Saktides v. Cooper</u>, 742 F. Supp. 382, 385 (W.D. Tex. 1990) (quoting <u>Marine Midland Bank, N.A. v. Miller</u>, 664 F.2d 899, 902 (2d Cir. 1981)). An exception to the fiduciary shield doctrine exists, however, where the corporation is the alter ego of the individual. <u>Stuart</u>, 772 F.2d at 1997.

C.  <u>Personal Jurisdiction and</u>
    <u>Piercing the Corporate Veil</u>

As defendants concede, the Fifth Circuit has recognized that personal jurisdiction may be established over an individual or corporation through a piercing-the-corporate-veil theory. <u>See</u> Def.'s Reply at 4-5. For example, according to the Fifth Circuit:

> [F]ederal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over an individual or a

6

> corporation that would not ordinarily be subject to
> personal jurisdiction in that court when the individual
> or the corporation is an alter ego . . . of a
> corporation that would be subject to personal
> jurisdiction in that court.  The theory underlying
> these cases is that, because the two corporations (or
> the corporation and its individual alter ego) are the
> *same entity*, the jurisdictional contacts of one *are* the
> jurisdictional contacts of the other for purposes of
> the *International Shoe* due process analysis.

Patin v. Thoroughbred Power Boats, Inc., 294 F.3d 640, 653 (5th Cir. 2002) (citations omitted).

Further, the piercing-the-corporate-veil test for attribution of contacts, i.e. personal jurisdiction, "is less stringent than that for liability."  House, 60 F. Supp. 2d at 610 n.5 (citing Stuart, 772 F.2d at 1198 n.12).  Whether the corporate entity can be disregarded is determined by the law of the state of incorporation for each defendant, which here is Florida.  House, 60 F. Supp. 2d at 609.

III.

Analysis

A.  The Court Has Specific Jurisdiction
    Over Bombart and Continuum

Ingenious urges only specific, not general, jurisdiction over Bombart and Continuum.  In particular, Ingenious alleges that, in August 2004, it was contacted at its principal place of business in Arlington, Texas by Dave Lauer ("Lauer"), who represented himself to be, inter alia, Bombart's marketing

7

manager. See Pl.'s Am. Compl. at 3, ¶ 13; Ex. A to Pl.'s App. at ¶ 7. Lauer stated that he was "interested in pricing Ingenious to write, design and place websites on the internet for AAAB and Continuum." Pl.'s Am. Compl. at 3, ¶ 13. According to Ingenious, an agreement was, in fact, reached with Bombart, AAAB, and Continuum for Ingenious to develop fifty websites in return for $300,000.00, plus expenses, to be paid in six $50,000.00 installments. Id. at 3-4, ¶¶ 14-15. Further, per Ingenious, Lauer, Bombart, and others contacted it hundreds of times in Texas regarding the status of the project. Ex. A. to Pl.'s App. at ¶ 8. Despite its purported near completion of all the work after approximately 500 hours of labor performed at Ingenious's office in Arlington, Texas, only one installment of $50,000.00 has been paid to Ingenious. Pl.'s Am. Compl. at 4, ¶¶ 16-17; Ex. A to Pl.'s App. at ¶¶ 7-8; Ex. B. to Defs.' Br. at 6, ¶ 16.[4]

Notably, Ingenious's version of events is largely corroborated by an affidavit from Lauer, who, among other things, confirms that he, in his capacity as a consultant for Bombart, AAAB and Continuum, actively solicited Ingenious's services and personally attended a meeting in Dallas with Ingenious representatives regarding the project. See Ex. C to Pl.'s App. at ¶¶ 2-3 and 5. Lauer further states that he was present when

---

[4]Exhibit B to defendants' brief in support of their motion to dismiss is a purported affidavit of Bombart in which he concedes the payment of $50,000.00 to Ingenious. See Ex. B to Defs.' Br. at ¶ 16. Bombart's affidavit is not signed. Nonetheless, the court did consider Bombart's affidavit in reaching its conclusion regarding personal jurisdiction over movants in this case.

8

Bombart called Ingenious in Texas and said that funding was in place pursuant to the agreement. Id. at ¶ 5.

The court is satisfied that Ingenious has made a prima facie showing of specific personal jurisdiction over Bombart and Continuum. Though these defendants dispute some of Ingenious's allegations, conflicts between the facts are to be resolved in Ingenious's favor in determining whether a prima facie case exists. Jones, 954 F.2d at 1067; Bullion, 895 F.2d at 217. Further, for the reasons stated below, the court concludes that Bombart cannot benefit from the fiduciary shield doctrine and thereby escape personal jurisdiction, because there is sufficient evidence, at least at this stage of the litigation, that Bombart is the alter ego of all the corporate defendants. Stuart, 772 F.2d at 1997.

B. There is Sufficient Evidence to Disregard the Corporate Shields of Continuum, Cowcat, DCA, HBA, and MEI For Jurisdictional Purposes

Because all of the corporate defendants were incorporated in Florida, the court looks to Florida law to determine whether the corporate form should be disregarded. House, 60 F. Supp. 2d at 609. The Florida Supreme Court, in turn, has held that, to pierce the corporate veil, one must prove that the corporation is a mere instrumentality or alter ego of the defendant and that the defendant engaged in improper conduct in the formation or use of the corporation. Dania Jai-Ali Palace, Inc. v. Sykes, 450 So. 2d 1114, 1120-21 (Fla. 1984); see also Merkin v. PCA Health Plans of Florida, Inc., 855 So. 2d 137, 141 (Fla. 3d Dist. Ct. App. 2003).

9

The court is persuaded that Ingenious has made a prima facie case of jurisdiction over Continuum, Cowcat, DCA, HBA, and MEI based on the evidence submitted that Bombart is their alter ego[5] and further that he has engaged in improper conduct with respect to their use or formation. Specifically, in addition to the numerous allegations in the amended complaint in this regard, see Pl.'s Am. Compl. at 7-9, ¶¶ 31-33, Ingenious has submitted the affidavit of Carol Parks ("Parks"), a former chief executive officer of Continuum, who attests to the co-mingling of funds between Bombart and many, if not of all, of these corporations. See Ex. B. to Pl.'s App. at ¶ 6. Parks further states that the corporations share the same physical address and many of the same employees. Id. at ¶ 8. Indeed, Parks swears under oath that she was personally privy to a conversation where Bombart announced his intent to bankrupt AAAB in order to avoid obligations and commitments to creditors, including Ingenious. Id. at ¶ 7. While movants contest some, but not all, of these allegations, again conflicts in facts are to be resolved, at this jurisdictional

---

[5]The court acknowledges that typically a plaintiff seeks to pierce the corporate form to hold a shareholder liable individually for corporate acts. Here, the situation is reversed insofar that Ingenious seeks, in addition to holding Bombart individually liable, to hold the corporate defendants liable for Bombart's acts. That this action involves a "reverse corporate veil piercing" is of "no consequence, however, because the end result . . . is the same – two separate entities merge into one for liability purposes." Maiz v. Virani, 311 F.3d 334, 346 n.11 (5th Cir. 2002).

10

juncture, in Ingenious's favor.[6] Jones, 954 F.2d at 1067; Bullion, 895 F.2d at 217.

C. The Exercise of Jurisdiction over Defendants Does Not Offend Traditional Notions of Fair Play and Substantial Justice

With respect to the second prong of the due process analysis, the court concludes that exercise of jurisdiction over movants would be constitutionally permissible. Asahi Metal, 480 U.S. at 113. AAAB is not contesting jurisdiction and therefore will be participating in this litigation, presumably, at least in part, through its sole shareholder Bombart, who is a key participant in the dispute at hand. Because he is also the sole shareholder of Continuum, Cowcat, DCA, HBA, and MEI, the court cannot see how any of the movants can be burdened by the exercise of personal jurisdiction over them, all of whom, at any rate, are represented by the same counsel. Besides, any alleged burden on any of the movants is outweighed by the interests of the forum state, Ingenious's interest in obtaining relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the furthering of fundamental substantive social policies. Id.

Therefore,

The court ORDERS that the motion to dismiss for lack of

---

[6]At this point, the court expresses no opinion on the issue of the substantive liability of Continuum, Cowcat, DCA, HBA, and MEI. Rather, the court is only holding that Ingenious has made a prima facie showing that the corporate forms of these defendants can properly be disregarded in order for the court to exercise personal jurisdiction over them.

11

personal jurisdiction of Bombart, Continuum, Cowcat, DCA, HBA, and MEI be, and is hereby, denied.

    SIGNED January   20  , 2006.

                                          /s/ John McBryde    
                                       JOHN McBRYDE  
                                       United States District Judge